IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHEMENCE, INC., and                   :
TERRENCE COPELAND,                    :
                                      :
        Plaintiffs,                   :
                                      :    CIVIL ACTION NO.
    v.                                :    1:06-CV-0792-JOF
                                      :
MAC DERMID, INC., and                 :
MAC DERMID PRINTING                   :
SOLUTIONS, L.L.C.,                    :
                                      :
        Defendants.                   :

**OPINION AND ORDER**

This matter is before the court on Plaintiffs' emergency motion for temporary restraining order [5].

**I.    Background**

    **A.    Procedural History**

On April 4, 2006, Plaintiffs, Chemence, Inc., and Terrence Copeland, filed suit seeking a declaratory judgment, injunctive relief, and attorney's fees against Defendants, MacDermid, Inc., and MacDermid Printing Solutions, LLC. On April 11, Defendant MacDermid Printing Solutions, LLC, filed suit against Plaintiffs in the District Court of Connecticut seeking damages for breach of contract, fraud, misappropriation of trade secrets, interference with

contractual relations, and unfair trade practices. Defendants also sought to enjoin Plaintiff Chemence from employing Plaintiff Copeland for a period of twelve months, Plaintiff Copeland from discussing or using Defendants' confidential information, and Plaintiff Chemence from using Defendants' confidential information. On April 12, Defendants received an ex parte temporary restraining order from the District Court in Connecticut (1) enjoining Plaintiff Copeland from employment with Plaintiff Chemence (2) enjoining Plaintiff Copeland from using confidential information of Defendants, and (3) enjoining Plaintiff Chemence from using confidential information of Defendants. On April 17, Plaintiffs filed an emergency motion for a temporary restraining order enjoining Defendants from proceeding in Connecticut.

**B.    Facts**

From March 2001 until late February 2006, Plaintiff Copeland was employed by Defendant. His employment was pursuant to an employment agreement. On February 27, 2006, Defendant terminated Plaintiff Copeland. Pursuant to his termination, Plaintiff Copeland entered into a termination-release agreement with Defendant in exchange for $90,865.38 in consideration. After his termination, on April 4, 2006, Plaintiff Copeland was hired by Plaintiff Chemence as its Global Director of Sales - Graphics and Vacuum Impregnation Sealants.

The employment agreement entered into by Plaintiff Copeland and Defendant contained the following provision: "11. . . . the parties hereto submit to the jurisdiction of the Federal and State Courts located in the State of Connecticut."

The termination-release agreement between Plaintiff Copeland and Defendant contained the following language in Article V:

a.  Entire Agreement - This Agreement is intended as a final expression of the agreement between MacDermind and Former Employee and as a complete and exclusive statement of the terms and provisions thereof. This Agreement supersedes any prior agreements between the parties unless otherwise noted herein.

. . . .

d.  Choice of Law and Jurisdiction -  . . . the parties hereby submit to the jurisdiction of the Federal and State Courts located within the State of Connecticut and agree that any action brought concerning enforcement of this Agreement or subjects contained herein shall be brought only in the courts located in the State of Connecticut.

**C.    Contentions**

Plaintiff contends that this court should enjoin Defendants' suit in Connecticut as it is a compulsory counterclaim under Federal Rule 13(a). Defendants contend that this court should not enjoin their Connecticut action as the law in Georgia holds that courts should honor forum selection clauses even when contained in a contract with an unenforceable covenant not to compete clause. Further, Defendants aver that their claims in Connecticut are not compulsory counterclaims to the action before this court. Finally, Defendants contend that the court should not enjoin the Connecticut action due to Plaintiff Copeland's release of claims made pursuant to the termination-release agreement, due to the fact that this court may

3

not have subject matter or personal jurisdiction, and because Plaintiff Copeland is acting with unclean hands.

## II.     Discussion

### A.     Introduction

District courts ruling on motions seeking temporary restraining orders consider four elements: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Shaivo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the appropriateness of the temporary restraining order, the court will analyze each of the two Plaintiffs separately.

### B.     Plaintiff Copeland

Plaintiff Copeland seeks to have the court enjoin Defendant from bringing suit in Connecticut. Addressing the first factor, for this court to grant a temporary restraining order, the court must find that Plaintiff's claim has a substantial likelihood of success on the merits. Here, the court cannot find that there is a substantial likelihood that Plaintiff Copeland's case will succeed.

The Georgia Court of Appeals in *Iero v. Mohawk Finishing Products, Inc.*, 243 Ga. App. 670, held that a valid forum selection clause within an employment agreement may be enforced even if the contract also contains noncompetition and nondisclosure covenants that

4

violate Georgia's public policy. In *Iero*, the court found that the plaintiff has failed to show that the enforcement of the forum selection clause violates Georgia public policy. Similarly, Plaintiff Copeland has failed to establish that the forum selection clauses in the termination-release agreement violates Georgia public policy and that there is a substantial likelihood that he will succeed in showing that this case is properly in Georgia.

Plaintiff contends that he has a substantial likelihood of success as the forum selection clause contained in the employment agreement is permissive and does not mandate that all actions be brought in Connecticut. While the court agrees that the forum selection clause in the employment agreement is indeed permissive, the court finds that this forum selection clause was superseded by the forum selection clause found in the termination-release agreement which is mandatory, as shown by the language in subsection "a." As the second superseding forum selection clause provides "that any action brought concerning enforcement of this Agreement or subjects contained herein shall be brought only in the courts located in the State of Connecticut," the court finds that there is not substantial likelihood of success for Plaintiff Copeland's action in this venue. Thus, the court DENIES the emergency motion for a temporary restraining order as to actions brought against Plaintiff Copeland.

### C. Plaintiff Chemence

While the forum selection clause found in the termination-release agreement leads the court to find that there not a substantial likelihood of success for Plaintiff Copeland, the clause cannot have the same impact on Plaintiff Chemence as it is not a party to the

5

agreement. Therefore, the court will address whether Defendants' claims brought in the Connecticut action must be enjoined pursuant to Federal Rule 13(a) as compulsory counterclaims to Plaintiff Chemence's declaratory action before the court.

Plaintiffs have filed this declaratory action seeking only that the court find the employment agreement void as against public policy. As Plaintiff Chemence is not a party to the employment agreement, the only substantive interest it has in bringing this declaratory action is to avoid liability. As shown by Defendants' action in Connecticut, Plaintiff is potentially liable under three theories of relief: interference with contractual relations, common law and statutory trade secret actions, and common law and statutory unfair trade practices. First, this court must determine if these causes of action, raised by Defendants in the Connecticut action, constitute compulsory or permissive counterclaims under Federal Rule 13.

Rule 13(a) states: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). Alternatively, a permissive counterclaim is a claim which does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Courts have found that a party who raises a compulsory counterclaim in a different jurisdiction from the original suit may be enjoined from proceeding. *See, e.g., Warshawsky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257 (7th Cir 1977); *Columbia Plaza Corp. v. Security*

*Nat. Bank*, 525 F.2d 620 (D.C. Cir. 1975); *Blessing v. W.K. Norman*, 646 F. Supp. 82 (N.D. Ga. 1986); *Martin v. Graybar Electric Co. Inc.*, 266 F.2d 202 (7th Cir 1959).

The court finds that Defendants' claim for tortious interference with contractual relations is a compulsory counterclaim as it arises out of the same set of transactions or occurrences as the underlying contracts. If this court were to find for the Plaintiffs that the underlying contract was void as against public policy, Defendants would have no claim for tortious interference with contractual relations. Therefore, the court finds Defendants' tortious interference claim to be a compulsory counterclaim under Federal Rule 13(a). Conversely, the court finds that Defendants' causes of action under trade secret and unfair trade practices to be permissive counterclaims. These claims arise out of a subsequent course of conduct undertaken by Plaintiff Chemence and Plaintiff Copeland after Plaintiff's termination and thus do not arise out of the same nucleus of fact as the employment and termination-release agreements between Plaintiff Copeland and Defendants. Therefore, the Court DENIES the emergency motion for a temporary restraining order as to Defendants' claims for trade secrets and unfair trade practices brought against Plaintiff Chemence.

However, as Defendants' claim for tortious interference with contractual relations against Plaintiff Chemence is a compulsory counterclaim, this court may enjoin Defendants from bringing this claim in another jurisdiction. Defendants' arguments against enjoining the Connecticut action do not apply with equal force to Plaintiff Chemence. As Plaintiff Chemence is not a party to the termination-release agreement, it is not bound by any forum

7

selection clause.  Plaintiff Chemence did not sign any documents releasing its right to bring suit.  Defendants have not given the court sufficient evidence from which the court can find that Plaintiff Chemence's claim lacks supplemental or personal jurisdiction over Defendants.

Finally, Defendants argue that this court should not enjoin the Connecticut action as Plaintiff Copeland has unclean hands in bringing this suit.  While this may be true, this argument also does not pertain to Plaintiff Chemence's suit.  As Plaintiff Chemence filed its declaratory action before Defendants filed their suit in Connecticut and Defendants' tortious interference claim is a compulsory counterclaim and rightly before this court, this court enjoins Defendants from bringing that claim in the Connecticut action.  Therefore, the court GRANTS the emergency motion for a temporary restraining order as to the tortious interference claim brought against Plaintiff Chemence.

### III. Conclusion

The court GRANTS-IN-PART and DENIES-IN-PART Plaintiffs' emergency motion for a temporary restraining order.

**IT IS SO ORDERED** this 27th day of April 2006.

        s/ J. Owen Forrester
    J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)